IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD E. CORBIN,

Petitioner,

v.

SUSAN RUDOLPH, WARDEN OF FCI
GREENVILLE,

Respondent.

Case No. 3:23-cv-03867-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Ronald E. Corbin filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking First Step Act ("FSA") Time Credits toward the computation of his federal sentence. (Doc. 1). For the reasons set forth below, Corbin's petition is denied.

### RELEVANT FACTS AND PROCEDURAL HISTORY

On October 9, 2013, Corbin was indicted in the Central District of Illinois on three counts of aggravated bank robbery in violation of 18 U.S.C. § 2113(a) and (d), two counts of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and one count of attempted bank robbery. *See United States v. Corbin, et al.*, No. 2:13-cr-20054-SLD (C.D. Ill.) ("Criminal Case"). On December 11, 2013, he pleaded guilty on all counts pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). (Criminal Case, Docs. 29, 38). As a result of the parties' agreement, the Court sentenced Corbin to a total term of 471 months in prison. (*Id.*, Doc. 46). The sentence was comprised

of concurrent 87-month terms on the bank robbery counts, a consecutive 84-month term on one of the § 924(c) counts, and a consecutive 300-month term on the other.

Corbin previously challenged his conviction and sentence under 28 U.S.C. § 2255. His efforts were not successful. In March 2016, the Honorable James E. Shadid dismissed a § 2255 motion filed by Corbin because he had waived the right to pursue a collateral attack as part of his plea agreement. *See Corbin v. United States*, No. 15-2304, 2016 WL 1259372, at *1 (C.D. Ill. Mar. 29, 2016). On two occasions, Corbin applied to the Seventh Circuit for leave to file a successive motion under § 2255, in order to raise a challenge that his § 924(c) convictions should be vacated under the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), which held the statute's so-called residual clause, § 924(e)(2)(B), was unconstitutionally vague. *See* No. 16-2817 (7th Cir.) (Doc. 5); No. 16-4011 (7th Cir.) (Doc. 2). The Seventh Circuit dismissed both attempts. *Id.* Corbin filed another § 2255 motion in the district court August 13, 2018, which the Court dismissed as a second or successive motion. *See Corbin v. United States*, No. 1:18-cv-01300-JES (C.D. Ill.).

Corbin presently resides at FCI Greenville, in this district. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited on Mar. 16, 2026). With good conduct time, he is scheduled to be released on May 13, 2047. *Id.*

Corbin filed his present petition under § 2241 on December 7, 2023. (Doc. 1). He claims that the Bureau of Prisons (BOP) should treat him as eligible for FSA time credits. When he raised the issue administratively through the BOP, he was told that he was ineligible because his § 924(c) conviction was a disqualifying offense. (*Id.* at p. 3). He avers that the BOP has treated another inmate, Meverick Wade Player, as eligible for FSA time

credits despite also being convicted under § 924(c). Respondent argues that Corbin should have brought this challenge under the Administrative Procedure Act (APA), rather than as a habeas petition, and that his conviction renders him ineligible for FSA time credits under the statute. (Doc. 17).

## DISCUSSION

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), authorizes the BOP to award prisoners credit toward prerelease custody or supervised release if they successfully complete certain prison programming. *See* 18 U.S.C. § 3632(d)(4). However, the statute expressly made prisoners convicted of certain crimes ineligible for time credits. *Id.* § 3632(d)(4)(D). Here, Corbin argues that the BOP has misclassified him as ineligible.

As an initial matter, Respondent argues that Corbin cannot raise this issue through a habeas petition. It is well-settled that "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). Despite this delegation of authority, a petition for a writ of habeas corpus under 28 U.S.C. § 2241 may be used to challenge the fact or duration of a petitioner's confinement, *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011); *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005), or the "execution" of the conviction and sentence, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). The Seventh Circuit has drawn a distinction between specific claims seeking release, which properly may be raised under § 2241, and claims seeking the opportunity to be *considered* for release, which are, in reality, challenges to the BOP's rules that must

be brought under the APA. *See Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004). On Respondent's view, Corbin takes issue with the BOP's interpretation and implementation of the statute disqualifying him from earning FSA time credits.

As the Seventh Circuit has acknowledged, the line between those claims that must be brought as ordinary civil cases and those that may be raised on habeas petitions is "hazy." *Richmond*, 387 F.3d at 606. At least one court in this district has held that "[t]he calculation of a prisoner's sentence, including the application of potential sentence credits, can be challenged in a § 2241 petition." *Booker v. Williams*, No. 21-CV-00215-JPG, 2022 WL 4314362, at *3 (S.D. Ill. Sept. 19, 2022). Conceptually, Corbin's *eligibility* for time credits could be thought to concern the *execution* of his sentence, so review under § 2241 would be permissible.

Fortunately, the Court need not decide the issue definitively because Corbin would not be entitled to FSA time credits in any event. As mentioned above, the FSA contains an enumerated list of disqualifying crimes. That list includes convictions under § 924(c). *See* 18 U.S.C. § 3632(d)(4)(D)(xxii). Because Corbin was convicted under that statute, he is ineligible to receive FSA time credits for participating in programming.

This is true even though Corbin was also convicted of non-enumerated offenses. *See Whitfield v. Sproul*, No. 3:23-CV-02687-JPG, 2024 WL 4434086, at *2 (S.D. Ill. Oct. 7, 2024) ("If one covered offense makes an entire sentence eligible, then an offense that is explicitly excluded from receiving time credit makes the entire sentence ineligible. To demonstrate with another idiom: one bad apple spoils the barrel."). Other courts in this circuit have reached the same conclusion. *See Gibson v. Lillard*, No. 25-CV-00997-JPG,

Page 4 of 8

2026 WL 24994, at *2 (S.D. Ill. Jan. 5, 2026); *Whitfield v. Sproul*, No. 3:23-CV-02687-JPG, 2024 WL 4434086, at *2 (S.D. Ill. Oct. 7, 2024); *Cruz v. F.C.I Greenville*, No. 3:24-CV-00162-GCS, 2024 WL 2273402, at *5 (S.D. Ill. May 20, 2024); *see also United States v. Smith*, 54 F.4th 1000, 1006 (7th Cir. 2022) (noting, in *dicta*, that a defendant's § 924(c) conviction rendered him ineligible for FSA time credits). Corbin did not file a reply brief challenging that conclusion.

The Court is sensitive to the potentially harsh result of the outcome here. After all, a portion of Corbin's sentence — 87-months — derives from his bank robbery convictions, which are not disqualifying. A construction of the First Step Act that would allow Corbin to earn time credits for that portion of his sentence might "incentiviz[e] good prisoner behavior," which "is a laudatory goal that helps to protect the health and safety of prisoners, prison officials, and the community at large." *United States v. Barenas-Reynoso*, No. 19-00351-8, 2026 WL 265565, at *4 (N.D. Ill. Feb. 2, 2026). Unfortunately, the Court sees no viable path to that outcome here. As the Fourth Circuit has persuasively explained, "[s]ection 3632(d)(4)(D) disqualifies *any prisoner* who is serving a sentence for a conviction under § 924(c)" *Bonnie v. Dunbar*, 157 F.4th 610, 618 (4th Cir. 2025). Thus, if a prisoner is serving a sentence for multiple convictions and only some are disqualifying, he is not entitled to FSA time credits for any portion of his sentence. *Id.* Other federal appellate courts that have considered the issue have held similarly. *See Giovinco v. Pullen*, 118 F.4th 527, 531 (2d Cir. 2024); *Colotti v. Peters*, No. 25-1191, 2025 WL 1321386, at *2 (3d Cir. May 7, 2025); *Oiler v. LeMaster*, No. 24-5033, 2025 WL 1864875, at *1 (6th Cir. Jan. 10,

Page 5 of 8

2025); *Clinkenbeard v. Murdock*, No. 24-3127, 2025 WL 926451, at *1 (8th Cir. Mar. 27, 2025) (per curiam).

It is true that the Seventh Circuit has construed other portions of the First Step Act to benefit inmates convicted of non-covered offenses. In *United States v. Curtis*, a defendant was convicted on a variety of counts, including conspiracy to possess crack cocaine with intent to distribute, causing a death with a firearm during the conspiracy, and carrying a firearm in relation to a drug trafficking crime. 66 F.4th 690, 692. The district court imposed consecutive life sentences on several of the counts. *Id.* The defendant later sought resentencing under the First Step Act. *Id.* at 693. The trial court held that he was entitled to a reduction for the offenses covered by the FSA but not the other counts. *Id.* On appeal, the Seventh Circuit held that courts may adjust non-covered sentences under the First Step Act "[i]f the district court has imposed a single, integrated sentence that blends punishment for a covered offense with punishment for a non-covered offense." *Id.* at 694. "The operative question is whether there is reason to think that, at the time of sentencing, the two sentences were interdependent." *Id.*

From this discussion of a "single, integrated sentence," Corbin might attempt to argue that the trial court did not impose such a sentence in *his* case. *Cf. Barenas-Reynoso*, 2026 WL 265565, at *5 (imposing a "distinct and disaggregated" sentence on a § 924(c) count so that the BOP would not determine that the defendant was ineligible from earning FSA time credits as to other counts). Of course, that argument likely would not be persuasive because Corbin's sentence was driven by his binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (Criminal Case, Doc. 29).

Corbin focuses on another argument: he reports that the BOP has determined that inmate Meverick Wade Player *is* eligible for FSA time credits despite also being convicted under § 924(c). Mr. Player was convicted by the United States District Court for the Northern District of Alabama on charges of "(1) bank robbery, in violation of 18 U.S.C. § 2113(a) & (d) (Count One); (2) carrying or using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count Two); and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) & 924(e) (Count Three)." *Player v. United States*, No. 16-8147, 2018 WL 6019462, at *1 (N.D. Ala. Nov. 16, 2018). The record does not contain any confirmation that the BOP, in fact, determined that Mr. Player was eligible for FSA time credits. In any event, the argument lacks merit. For the reasons set out above, the statute clearly renders Corbin ineligible for FSA time credits because his sentence included a disqualifying conviction, and he does not explain why a potential error by the BOP with regard to another inmate means that *he* should be eligible. *See Gibson*, 2026 WL 24994, at *2.

Finally, Corbin argues that the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019), supports his position. It does not. In that case, the Court held that § 924(c)'s so-called residual clause was unconstitutionally vague. *Davis*, 548 U.S. at 448. Corbin appears to believe that the Court's holding affects *his* § 924(c) conviction. But a challenge to that conviction generally must be brought as a motion under § 2255 — not § 2241. *See Matlock v. Sproul*, No. 22-2999, 2023 WL 2810286, at *2 (7th Cir. Apr. 6, 2023).

## CONCLUSION

Corbin has not identified any error in the BOP's determination that he is ineligible for FSA time credits. Accordingly, his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to close this case and enter judgment accordingly.

If Corbin wishes to appeal this Order, he must file a notice of appeal with this Court within **60 days** of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). If Corbin chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). If Corbin files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

It is not necessary for Corbin to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  March 18, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**